**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In Re:  Dean Arthur Zidlicky<br><br>and<br><br>Casey Catherine Zidlicky,<br><br>Debtors | Bankruptcy Case No. 17-30739<br>**Chapter 13**<br><br>**NOTICE OF HEARING AND MOTION TO VALUE CLAIM OF TRINITY FINANCIAL SERVICES, LLC.** |

TO:    Mortgage Electronic Registration Systems, JPMorgan Chase Bank N.A., Trinity Financial Services, LLC, Real Time Resolutions, Inc.[1], and Tri-States Adjustments, Inc.

1.    Debtors Dean Arthur Zidlicky and Casey Catherine Zidlicky hereby move the Court for the relief requested below and give notice of hearing herewith.

2.    **The Court will hold a hearing on this motion on May 25, 2017** at 10:30 a.m., in Courtroom 2B, 2nd Floor, 316 North Robert Street, St. Paul, MN 55101.

3.    **Any response to this motion must be filed and served no later than May 20, 2017**, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rules 1070-1 and 3012-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on March 15, 2017.  The case is now pending in this Court.

5.    This motion is to determine the secured status of the claim of Trinity Financial Services, LLC, for purposes of confirmation of the debtors' plan and determining that the mortgage

---

[1] REAL TIME RESOLUTIONS DOES NOT HAVE AN ACTIVE INTEREST IN THE DEBTORS' PROPERTY, NOR DO THEY HAVE ANY RECORDED INTEREST, PAST OR PRESENT.  THEY ARE LISTED HERE AND WILL BE SERVED BECAUSE OF A REFERENCE IN THE MERS SYSTEM.

in which Trinity Financial Services, LLC, is the assignee (document dated 10/04/2013 and recorded in the office of the County Recorder, Winona County, Minnesota Document No. A-584165) and servicer. The Debtors allege that said claim is unsecured in its entirety.

6. The Debtors' plan proposes to treat the claim of Financial Services, LLC as unsecured in its entirety. The plan provides, in relevant part:

> The Debtors' residential property located at 1400 Kingswood Drive, Minnesota City, Minnesota, 55959 described as Lot Sixteen(16), Block One (1), Woodhaven Estates, City of Goodview, Winona County, Minnesota, according to the record plat thereof on file and of record in the office of the County Recorder in and for Winona County, Minnesota, (the "subject property"), is encumbered by a first mortgage **(Loan No. 3000024380)** dated February 27, 2007, recorded March 1, 2007 as document number **517655** in the office of the County Recorder, Winona County, Minnesota originally in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Southstar Funding, LLC, subsequently assigned to JC Morgan Chase Bank N.A., by assignment document dated March 20, 2010, and recorded in the office of the County Recorder of Winona County, Minnesota, as document number **546505** on April 12, 2010. <u>The Debtors are current on said mortgage, and it will be paid outside the plan as set forth in Paragraph 5, *supra*</u>.

> The subject property is also encumbered by a second mortgage **(Loan No. 3000024418)** dated February 27, 2007, recorded March 1 2007 as document number **517656** in the office of the County Recorder, Winona County, Minnesota originally in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Southstar Funding LLC, and subsequently assigned to Trinity Financial Services, LLC by document executed on October 11, 2013, and recorded in the office of the County Recorder, Winona County, Minnesota as Document **A-584165**.

> Claims filed by or on behalf of said second mortgage holder are included in the unsecured non-priority class of claims described in paragraph 11(a), supra, notwithstanding the said second mortgage. The debtors will file a motion pursuant to 11 U.S.C. 506(a) and Local Rule 3012-1 for determination that the claim of the holder of said second mortgage is wholly unsecured as to the subject property and to have the claim of said second mortgage holder classified, treated and considered as wholly unsecured for the purposes of administration of the Chapter 13 Plan.

> If the motion is granted, the Chapter 13 trustee shall treat any timely filed claim relative to said second mortgage assigned to Trinity Financial Services, LLC (Loan No. **3000024418** recorded as MERS document **517656**, subsequently assigned to Trinity Financial Services LLC as document A-**584165**) as an unsecured claim, and the discharge herein shall discharge and personal liability on the debt. Upon a

finding by the Bankruptcy Court that said second mortgage (said second mortgage having been filed as documents **517656**, assigned, document **A-584165**) is wholly unsecured and upon debtors' completion of payments under this plan, if the holder of said second mortgage does not provide the debtors with a recordable release or satisfaction of said second mortgage within 20 days after the trustee's final report to the court showing completion of the debtors' plan payments, the debtors may seek supplemental relief pursuant to Local Rule 3012-1(F).[2]

7. The Claim of Trinity Financial Services, LLC, is secured by a (second) mortgage against the real property located at 1400 Kingswood Drive, Minnesota City, Minnesota 55959, legally described as Lot Sixteen (16), Block One(1), Woodhaven Estates, City of Goodview, Winona County, Minnesota, according to the record plat thereof on file and of record in the office of the County Recorder in and for Winona County, Minnesota. Said mortgage was dated, and recorded March 1 2007 as document number **517656** in the office of the County Recorder, Winona County, Minnesota originally in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Southstar Funding LLC[3], and subsequently assigned to Trinity Financial Services, LLC by document executed on October 11, 2013, and recorded in the office of the County Recorder, Winona County, Minnesota as Document **A-584165**. ***See Exhibit B***.

8. The balance of the debt secured by the lien against the property held by Trinity Financial Services, LLC was $ 38,711.43 as of September 1, 2016**. *See Exhibit B***.

9. The names and relative priority of each creditor holding a lien against the property (other than real estate taxes payable to Winona County, Minnesota) are as follows:

    a. First Mortgage dated February 27, 2007, recorded March 1, 2007 as document number **517655** in the office of the County Recorder, Winona County, Minnesota originally in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Southstar Funding, LLC, subsequently assigned to JP Morgan Chase Bank N.A., by assignment document dated March 20, 2010, and recorded in the office of the County

---

[2] DOCUMENTS REFERRED TO IN PARAGRAPH 13(C) ARE ATTACHED TO DEBTOR'S MOTION TO VALUE PROPERTY AS EXHIBIT A – OWNERS & ENCUMBRANCE REPORT.

[3] SOUTHSTAR FUNDING LLC FILED BANKRUPTCY CASE NO 07-65842 ON MARCH 11, 2007, IN THE NORTHERN DISTRICT OF GEORGIA.

Recorder of Winona County, Minnesota, as document number **546505** on April 12, 2010. The balance on this account was $ 152,817.81 as of August 1, 2017. **(See Exhibit E)**. As of the date of this filing, JP Morgan Chase has not filed a proof of claim in this matter. (First Priority).

b.  Second Mortgage dated February 27, 2007, recorded March 1 2007 as document number **517656** in the office of the County Recorder, Winona County, Minnesota originally in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Southstar Funding LLC, and subsequently assigned to Trinity Financial Services, LLC by document executed on October 11, 2013, and recorded in the office of the County Recorder, Winona County, Minnesota as Document **A-584165**. The balance on this account was $ 38,711.43 as of September 1, 2016. (Second Priority).

c.  In addition, a judgment search[4] revealed a judgment docketed in Winona County Minnesota in the matter of Tri-State Adjustments, Inc. vs. Casey C. Zidlicky and Dean A. Zidlicky, Case No. 85-CV-14-2473, docked on 11/21/2014 in the amount of $ 2,551.37. This, however, does not appear on the attached Owners & Encumbrances Report, perhaps because the real estate is in Debtor 2's former name, Casey Catherine Peterson. A copy of the judgment docket is attached hereto as **Exhibit F**. Note, however, even though this would be third and last in priority, that a judgment lien does not attach to exempt property. Deutsche Bank Nat. Trust Co. v. Peterson, 748 N.W.2d 306, 307 (Minn. 2008).

10.  The property has been appraised by a Certified Residential Appraiser, as of March 13, 2017 as being worth $ 114,000.00. **(See Exhibit D)** When the case was filed, the Debtors believed that the property was worth $ 120,000.00 based upon an opinion from a licensed Realtor.

11.  The Debtors seek the entry of an order, pursuant to 11 U.S.C. 506(a) and Local Rule 3012-1 determining that the second mortgage held by Trinity Financial Services, LLC which was recorded as document No. **A-584165** in the office of the County Recorder, Winona County, Minnesota, is unsecured in its entirety because there is no value in the real property over and above the lien of the first mortgage (JP Morgan Chase Bank N.A., by assignment document dated March 20, 2010, and recorded in the office of the County Recorder of Winona County, Minnesota, as document number **546505**) to which the mortgage held by Trinity Financial Services, LLC, may attach.

---

[4] http://pa.courts.state.mn.us/JudgmentDetail.aspx?JudgmentSearchID=1610709021&CaseID=1617308118

12. Because the lien of the second mortgage held by Trinity Financial Services, LLC which was recorded as document No. **A-584165** in the office of the County Recorder, Winona County, Minnesota, is wholly unsecured, the anti-modification provisions of 11 U.S.C. § 1322(b)(2) do not preclude the relief requested.

13. No prior request for the relief requested herein has been made to this Court nor any other court, other than the instant motion.

14. Pursuant to Local Rule 3012-1(3), the following documents are attached hereto as:

**Exhibit A:** O&E REPORT/CONDITION OF TITLE REPORT prepared by the Winona County Recorder's Office Dated March 24, 2017.

**Exhibit B:** Copy of NOTICE OF FORECLOSURE SALE indicating that Trinity Financial Services LLC is the current holder of the mortgagee's rights under the mortgage at issue.

**Exhibit C:** Copy of the Debtors' Chapter 13 Plan

**Exhibit D:** Copy of Appraisal Report Dated March 13, 2017, prepared by Terri L. Tibesar, Certified Residential Appraiser No. 40093173.

15. Other exhibits are incorporated and attached as appropriate.

16. Notice is given that if testimony on this matter is required that the Debtors, Dean Arthur Zidlicky and Casey Catherine Zidlicky, may testify as to the value of the property and other matters relevant to this motion.

WHEREFORE, Debtors, by and through their undersigned attorney, move the Court for an order determining that:

a. Pursuant to 11 U.S.C. § 506(a) that the mortgage held by Trinity Financial Services, LLC, which was recorded as document number **A-584165** in the office of the County Recorder, Winona County, Minnesota, is unsecured in its entirety.

      b.      The Chapter 13 Trustee shall treat a claim filed by Trinity Financial Services, LLC, and any amended timely filed claim relative to said mortgage recorded as document **A-584165** as an unsecured claim.

      c.      Upon Debtors' completion of payments under the plan, the holder of the mortgage recorded as document number **A-584165** shall provide the Debtors with a recordable release or satisfaction of said mortgage recorded as document number **A-584165**. If the holder of said mortgage fails to provide said document within 20 days after the trustee's final report to the Court showing completion of the Debtors' plan payments, the Debtors may seek supplemental relief pursuant to Local Rule 3012-1(F).

      d.      Granting such other and further relief as the Court may deem just.

Dated April 22, 2017.

 

*/s/ Alan Sorensen*
Alan Sorensen, MN Lic. No. 0387536
Bulie Law Office
1790 32nd Avenue South, Ste. 2B
Fargo, ND 58104
(701) 298-8748
alan@bulielaw.com